This case is before the court on appeal from a decision of the Cuyahoga County Court of Common Pleas pursuant to R.C. 2950.09
(C) finding that appellant, Carl Artino, is a sexual predator. Appellant raises two assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT ADJUDGED DEFENDANT-APPELLANT A SEXUALLY ORIENTED OFFENDER IN THAT THE REGISTRATION REQUIREMENT OF R.C. 2950.09 AS APPLIED TO CONDUCT PRIOR TO THE EFFECTIVE DATE OF THIS STATUTE RENDERS THE STATUTE UNCONSTITUTIONAL AS A RETROACTIVE [SIC] AS PROHIBITED BY THE OHIO CONSTITUTION, ARTICLE II, SECTION 28.
 II. THE TRIAL COURT ERRED IN ITS FINDING THAT DEFENDANT-APPELLANT IS A SEXUALLY ORIENTED OFFENDER[1] PURSUANT TO R.C. 2950.09.
For the following reasons, the court finds there was insufficient evidence to support the trial court's determination that appellant was a sexual predator; therefore, we reverse and remand this matter for a new hearing.
 PROCEDURAL HISTORY
On March 22, 1995, appellant was indicted for one count of corruption of a minor (a violation of R.C. 2907.04), one count of sexual battery (a violation of R.C. 2907.03), and six counts of corruption with drugs (a violation of R.C. 2925.02). On July 6, 1995, appellant retracted his former plea of not guilty and entered a guilty plea as to three of the eight charges, including corruption of a minor, sexual battery, and one count of corruption with drugs. He was sentenced to consecutive two-year terms of imprisonment on the first two counts and to a concurrent term of one and one-half years' imprisonment on the third.
On January 30, 1998, the common pleas court held a hearing to determine whether appellant is a sexual predator. No evidence was presented, but the court heard counsel's arguments and a statement by the appellant. At the conclusion of the hearing, the court made the following findings:
 * * * This is a close question and I'm going to, after I heard from the defendant, I'm going to find that he is a sexual predator. I'm taking into account the following factors:
 I'm taking into account the offender's age and his intelligence. The fact that I don't believe he really quite understands the fact that this is this is a young child, this was a child that he was having a sexual relationship with.
 There is no question that drugs were involved in this case because the defendant entered a plea of guilty to corruption with drugs. That is that he did knowingly, by any means, furnish or administer a controlled substance, to wit, marijuana, to a juvenile age 15 years of age.
 So that — that's just a litigated, admitted fact and he also committed sexual battery. I make this finding without regard to whether there were multiple victims or not because there were multiple events involving this young woman.
 I'm interested, particularly interested in 2950.09(B)(2)(e), which states that a "Sexual predatory factor involves whether the offender used drugs or alcohol to impair the victim or to prevent her from resisting."
 This is not a single, isolated incident where someone fell in love with a juvenile but an instance of repeated sexual offenses with a juvenile and using drugs.
 And the state legislature in its wisdom has set forth these factors that the Court should consider. So in finding that, I consider the disparity of age, disparity standing [sic], the prior criminal record of the defendant, the age of the victim and whether the offender used drugs or alcohol to impair the victim of the sexually-oriented offense or to prevent the victim from resisting.
 Therefore, pursuant to a hearing held under the provisions of 2950.09 (B), the defendant is hereby adjudicated to be a sexual predator.
 LAW AND ANALYSTS
Appellant first argues that R.C. 2950.09 is a retroactive law in violation of Article II, Section 28, of the Ohio Constitution, to the extent that it imposes new disabilities on an offender based on conduct that occurred before the effective date of the statute. A recent decision of the Ohio Supreme Court precludes this argument. In State v. Cook (1998), 83 Ohio St.3d 404, paragraph one of the syllabus, the supreme court held:
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II, of the Ohio Constitution.
Strictly speaking, the provision to which this ruling applies (R.C. 2950.09[B][1]) concerns defendants who are sentenced after the effective date of the statute, regardless of whether the offense was committed before or after that date. However, there appears no reason to apply a different rule when the defendant was sentenced before the effective date of the statute and the court thereafter held a hearing regarding his status as a sexual predator. State v. Ward (Jan. 28, 1999). Cuyahoga App. No. 72371, unreported, at 3 (summarily overruling argument that statute was unconstitutional retroactive legislation as applied to appellant who was sentenced before its effective date). Accordingly, the first assignment of error is overruled.
In the second assignment of error, appellant complains that the record does not contain clear and convincing evidence that he is a sexual predator. He also asserts he received only one day's notice of the hearing and did not have access to counsel until minutes before the hearing. He claims he had no opportunity to subpoena witnesses or obtain a psychiatric examination.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's conviction for sexual battery qualifies as a "sexually oriented offense" pursuant to R.C. 2950.01(D)(1); however, the state must also prove the second prong of the definition by clear and convincing evidence. R.C. 2950.09(B)(3).
In making a determination as to whether an offender is a sexual predator, a trial judge must consider all relevant factors, including, but not limited to, the factors listed in R.C. 2950.09
(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2) does not require that each factor be met; however, it does require the trial court consider those factors that are relevant. See, e.g., State v. Tracy(May 20, 1998), Summit App. No. 18623, unreported.
The standard of "clear and convincing evidence" is the measure or degree of proof that is more than a mere "preponderance of the evidence" but not to the extent of such certainty as is required "beyond a reasonable doubt" in most criminal cases. State v.Schiebel(1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof that produces in the mind of the trier of facts a firm belief or conviction as to the fact sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
In this case, although the trial court was presented with evidence to support the first prong of R.C. 2950.01(E)'s definition of sexual predator, it was provided with nothing beyond the facts of appellant's convictions to satisfy the second prong. As this court held in State v. Ward(Jan. 28, 1999), Cuyahoga App. No. 72371, unreported,
 * * * [S]imply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended the result argued by the state, it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
 In this case, the only evidence demonstrating that defendant was "likely to engage in the future in one or more sexually oriented offenses" consisted solely of proof of defendant's conviction on the felonious sexual penetration charge, the age of the victim, and the threat of force both in committing the offense and ensuring the victim's silence after the offense. All this evidence shows is that defendant committed a sexually oriented offense it does not show by clear and convincing evidence that defendant is more likely than not predisposed to commit another sexually oriented offense.
In conformity with Ward, we find insufficient evidence was presented below to support the determination that appellant "is likely to engage in the future in one or more sexually oriented offenses," as required by R.C. 2950.01(E) and R.C. 2950.09(C).State v. Patterson(Feb. 11, 1999), Cuyahoga App. No. 72448, unreported. The fact of the underlying sexual battery conviction alone was insufficient, particularly when that conviction was based on a guilty plea and there was no testimony or other evidence in the record regarding the underlying facts.
There was no evidence in the record to support the trial court's determination that "there were multiple events involving this young woman" or that this was "an instance of repeated sexual offenses with a juvenile and using drugs." Though appellant had stated that he was "dating" the fifteen-year-old girl involved in the offense, he did not describe any other criminal conduct involving her. Accordingly, we will reverse and remand this matter for a new hearing.[2]
In light of our determination that the record contains insufficient evidence to support a finding that appellant is a sexual predator, we need not address his assertion that he was not provided with notice of the hearing and an opportunity to be heard in a meaningful manner. However, we note the statute contains specific requirements for notice of the hearing, representation by counsel and an opportunity to present evidence. R.C. 2950.09(B)(1) and (C)(2). See State v. Lawless (Oct. 14, 1998), Washington App. No. 97CA823, unreported, at 3-4. We trust the trial court will comply with these requirements.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J. and ANN DYKE, J., CONCUR
 ___________________________________ JUDGE KENNETH A. ROCCO
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] For the sake of clarity, the court notes that the trial court did not find appellant is a "sexually oriented offender" but, rather, found he is a "sexual predator." The substance of appellant's arguments address this finding, so the court will ignore this misstatement in the assignments of error.
[2] In a model sexual predator determination hearing, the prosecutor and defense counsel would take care to identify on the record those portions of the trial transcript, victim impact statements, pre-sentence report and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the second prong of R.C. 2950.01(E). Either side might present expert opinion by testimony or written report to assist the trial court in its determination when there is little information beyond the fact of the conviction itself. The trial court not only would then consider on the record the statutory factors themselves, but in addition would discuss in some detail the particular evidence and factors upon which it relies in making its determination. Finally, it would include evidentiary materials in the record for purposes of any potential appeal.
State v. Thompson (Apr. 1, 1999), Cuyahoga App. No. 73492, unreported.